Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Edwin Henríquez Escobar<br><br>Peticionario | KLCE202300479 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.:<br>I HO2000G0042<br><br>Sobre: Art. 99 C.P. recalificado Tentativa de Violencia Técnica |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos, el señor Edwin Henríquez Escobar (Sr. Henríquez Escobar o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 18 de abril de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante el referido dictamen, el foro primario determinó que no procedía la eliminación del peticionario del Registro de Ofensores Sexuales.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, por los fundamentos que expondremos a continuación.

**I.**

El 18 de mayo de 2001, el Sr. Henríquez Escobar fue sentenciado por la comisión del delito de tentativa de violación

técnica.[1]  Por esta razón, se le impuso una pena de siete años y medio, con el beneficio de sentencia suspendida.  A su vez, el peticionario fue inscrito en el Registro de Ofensores Sexuales.  Conforme la ley vigente en ese momento,[2] el Sr. Henríquez Escobar se mantendría inscrito por un periodo de 10 años, a ser contados desde que empezara a cumplir su sentencia.  El 18 de noviembre de 2008, el peticionario cumplió su sentencia en libertad a prueba.

Así las cosas, el 9 de diciembre de 2022, el Sr. Henríquez Escobar presentó una "Moción Urgente Solicitud de Eliminación de Datos del Registro de Ofensores Sexuales y Abuso de Menores" y, en esencia, argumentó que, como la Ley Núm. 28-1997, *infra*, es una legislación de naturaleza civil, las enmiendas introducidas por las leyes Ley Núm. 266-2004, *infra*, y la Ley Núm. 243-2011 no podían afectar sus derechos adquiridos al amparo de una legislación anterior.  Así, sostuvo que, por haberse extinguido su Sentencia el 18 de noviembre de 2008, ya había transcurrido el término de 10 años dispuesto en la Ley Núm. 28-1997, *infra*.  Por ende, solicitó que se ordenara la eliminación de sus datos del Registro de Ofensores Sexuales.

El Ministerio Público (recurrido) se opuso a esta petición.[3]  En síntesis, esgrimió que la Ley Núm. 28-1997, *infra*, fue derogada por la Ley Núm. 266-2004, *infra*, modificándose así el momento a partir del cual debía comenzar a computarse el tiempo de inscripción.  Señaló que, a partir de la aprobación de la Ley Núm. 266-2004, *infra*, el periodo de inscripción debía contarse desde que el convicto cumple su sentencia.  Por lo que, el peticionario estaba obligado a estar registrado cuando entró en vigor la Ley Núm. 243-2011.  En vista de lo anterior, indicó que el Sr. Henríquez Escobar

---

[1] Según tipificado en el Art . 99 del derogado Código Penal de 1974.  Surge le la "Resolución" que, al momento de los hechos, la víctima era menor de 14 años de edad.

[2] Véase, Art. 5 de la derogada Ley Núm. 28-1997, *infra*.

[3] Véase, "Moción en Oposición y en Cumplimiento de Orden"; apéndice pág. 7.

debía permanecer registrado de por vida, ya que era un Ofensor Sexual Tipo III.

Evaluadas las mociones presentadas por ambas partes, el 18 de abril de 2023,[4] el Tribunal de Primera Instancia emitió una "Resolución", y determinó que no procedía la eliminación del Sr. Henríquez Escobar del Registro de Ofensores Sexuales. Concluyó que, de conformidad con la Ley Núm. 28-1997, *infra*, el peticionario debía estar inscrito en el Registro hasta el año 2011. Sin embargo, razonó que, tras la aprobación de la Ley Núm. 266-2004, *infra*, dicho término de inscripción vencía el año 2018. En consecuencia, determinó que, como la enmienda incluida en la Ley Núm. 243-2011 se produjo cuando Sr. Henríquez Escobar tenía la obligación de registrarse, le aplicaban retroactivamente las disposiciones de este estatuto.

Inconforme, el Sr. Henríquez Escobar recurre ante este foro apelativo intermedio, y plantea la comisión de los siguientes errores, a saber:

a. *Erró el TPI al declarar No Ha Lugar la petición de eliminación de datos del Registro de Ofensores Sexuales del Sr. Edwin Henríquez Escobar, a pesar de esta* [sic] *haber cumplido con el término de los diez años requeridos conforme al estado de derecho bajo la Ley 28-1997 y la Ley 266-2004, sin enmiendas, vigente al momento de dictarse su sentencia y al momento de extinguirla.*

b. *Erró el TPI al interpretar que le es de aplicación al caso de autos las enmiendas incorporadas a la Ley 266-2004 con la aprobación de la Ley 243-2011, a pesar de haberse extinguido la sentencia del aquí Peticionario del antes de su aprobación.*

**II.**

Mediante la ley federal, *Jacob Watterling Crimes Against Children and Sexually Violent Offender Registration Program*, 42 USC secs. 14071 *et seq.*, el Congreso exigió a los estados, y a Puerto Rico, adoptar legislación para crear un registro público, con

---

[4] Notificada el 19 de abril de 2023.

el fin de inscribir a las personas convictas por ciertos delitos de naturaleza sexual y de abuso contra menores de edad.[5]  Acorde lo anterior, nuestra Asamblea Legislativa creó el Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores, con la aprobación de la Ley Núm. 28-1997, 4 LPRA sec. 535 *et seq.* El precitado estatuto disponía que serían registradas, entre otras personas, aquellas que hubieren cometido el delito de violación, o su tentativa, cuando la víctima fuere menor de 18 años.  4 LPRA sec. 535(a).  Las personas convictas por este delito se mantendrían en el Registro por un período de 10 años desde que: (1) cumpliera la sentencia de reclusión, o (2) **comenzara a cumplir la sentencia** bajo el beneficio de libertad a prueba o desde que fuese liberada bajo palabra. 4 LPRA sec. 535c.  Una vez transcurrido dicho término, los datos de la persona convicta serían eliminados del Registro. *Íd.*

Varios años después de su aprobación, la Ley Núm. 28-1997, *supra*, fue derogada por la Ley Núm. 266-2004, 4 LPRA sec. 536 *et seq.*  Esta última reiteró la necesidad, tanto de las agencias de orden público, así como de la ciudadanía, de poder conocer e identificar a las personas convictas por delitos de naturaleza sexual o maltrato de menores.[6]  Lo anterior, con el propósito de promover la seguridad pública y el bienestar común, y de evitar, en la medida que sea posible, el riesgo, el daño y la reincidencia de estos delitos.[7]  Por lo anterior, se mantuvo el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores, y en lo concerniente, se dispuso que, "[**q**]**uedar**[**ían**] **registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley** [**Núm.**] **28-1997**".  4 LPRA sec. 536a. (Énfasis nuestro).  Por otra parte, en cuanto al

---

[5] Véase, Exposición de Motivos de la Ley Núm. 28-1997, *infra.*
[6] Véase, Exposición de Motivos de la Ley Núm. 266-2004, *supra.*
[7] *Íd.*

término por el cual la información de la persona convicta se mantendría en el Registro, esta decretaba que sería "por un periodo mínimo de diez (10) años **desde que se cumplió la sentencia** impuesta". 4 LPRA sec. 536c. (Énfasis suplido). A diferencia de la Ley Núm. 28-1997, *supra,* **este nuevo estatuto no hacía una distinción**, **en cuanto al cómputo para el término de los 10 años de inscripción en el Registro**, **entre si la persona convicta cumplía su sentencia en una institución penitenciaria**, **o al amparo de algún beneficio de sentencia suspendida**. **Por lo que**, **en todos los casos**, **el término de 10 años comenzaba a transcurrir desde que se cumplió la sentencia**, **sin importar dónde se cumplió** (institución penitenciaria o sentencia suspendida).

Tiempo después, la Ley Núm. 266-2004, *supra,* fue enmendada mediante la Ley Núm. 243-2011, con el objetivo de atemperar sus disposiciones al estatuto federal, *Adam Walsh Child Protection and Safety Act of 2006*, 42 USC sec. 16901 *et seq.* Entre las enmiendas realizadas, se eliminó el término de 10 años originalmente establecido en la Ley Núm. 266-2004, *supra,* y se sustituyó por un término específico, según la gravedad de los delitos. Además, se restituyó el momento desde cuando se comenzaría a contar dicho término, según la sentencia impuesta (institución penitenciaria o sentencia suspendida). En específico, se dispuso lo siguiente:

> *El ofensor sexual deberá mantenerse inscrito en el Registro y cumplir con los requisitos establecidos en esta Ley durante los siguientes términos:*
>
> *(a) Quince (15) años, si el convicto es un Ofensor Sexual Tipo I;*
>
> *(b) Veinticinco (25) años, si el convicto es un Ofensor Sexual Tipo II; y*
>
> *(c) **De por vida, si el convicto es un Ofensor Sexual Tipo III**.*

*Los términos aquí dispuestos empezarán a contar desde que el ofensor sexual sea excarcelado, por haber cumplido la pena de reclusión impuesta y la Administración de Corrección notifique su inclusión en el Registro. **En los casos del disfrute de los beneficios de libertad a prueba**, libertad bajo palabra o participación de un programa de desvío, tratamiento o rehabilitación, el término de inclusión en el Registro comenzará a contar desde que se emite la sentencia, resolución o determinación para participar en dichos programas y se notifique su inclusión al Registro.* 4 LPRA sec. 536c. (Énfasis nuestro).

A su vez, aunque la Ley Núm. 243-2011 enmendó el Art. 3 de la Ley Núm. 266-2004, *supra,* se sostuvo que "[**q**]**uedar**[**ían**] **registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley** [**Núm**.] **28-1997**". 4 LPRA sec. 536a. (Énfasis suplido).  Por último, el propio estatuto reconoce que, salvo los incisos (f) y (g) del Art. 4, todas las demás enmiendas tendrán efecto retroactivo. 4 LPRA sec. 536n.

### III.

Según se desprende del trámite procesal discutido, el Sr. Henríquez Escobar fue sentenciado el 18 de mayo de **2001**, por la comisión del delito de tentativa de violación técnica.  Se le impuso una pena de siete años y medio, con el beneficio de sentencia suspendida.  A su vez, fue inscrito en el Registro de Ofensores Sexuales, durante la vigencia de la Ley Núm. 28-1997, *supra.*  Por lo que, de conformidad con las disposiciones del derogado estatuto, el peticionario se mantendría inscrito en el Registro por un periodo de 10 años, a ser contados desde que empezara a cumplir su sentencia.  En otras palabras, el Sr. Henríquez Escobar debía estar inscrito hasta el año **2011**.

Sin embargo, la Ley Núm. 28-1997, *supra,* fue derogada, y sustituida por la Ley Núm. 266-2004, *supra,* la cual incluyó un cambio significativo sobre el término de 10 años de inscripción en el Registro de Ofensores Sexuales: **dicho término ya no se**

**computaría desde que el convicto empezó a cumplir su sentencia**, **sino a partir de que se cumpliese la misma**. Al momento de la aprobación de la Ley Núm. 266-2004, *supra*, el peticionario todavía tenía la obligación de registrarse según la Ley Núm. 28-1997, *supra*, pues, como ya indicamos, aún no había transcurrido el término inicial de 10 años que vencía para el año 2011. En consecuencia, el Sr. Henríquez Escobar quedó registrado bajo la Ley Núm. 266-2004, *supra*.

El 18 de noviembre de **2008**, el peticionario cumplió su sentencia en libertad a prueba. Por lo que, bajo este nuevo estado de derecho, quedaría registrado hasta el año **2018**. Sin embargo, la Ley Núm. 266-2004, *supra*, fue enmendada por la Ley Núm. 243-2011, eliminándose el término de 10 años de inscripción en el Registro de Ofensores Sexuales, y disponiéndose que, cuando el convicto sea catalogado como un Ofensor Sexual Tipo III, éste deberá permanecer inscrito de por vida. El Sr. Henríquez Escobar fue sentenciado por la comisión del delito de tentativa de violación técnica, por lo que, según el estatuto, es considerado un Ofensor Sexual Tipo III.

El Sr. Henríquez Escobar argumenta que no le aplican las enmiendas introducidas por la Ley Núm. 243-2011, ya que, cuando ésta entró en vigor, el peticionario había cumplido su sentencia. No le asiste la razón.

Aunque lo cierto es que el peticionario cumplió su sentencia en libertad a prueba el 18 de noviembre de **2008**, éste estaba obligado a permanecer inscrito hasta el año **2011**. Como ya adelantamos, mientras éste cumplía su sentencia, se aprobó la Ley Núm. 266-2004, *supra*. Cuando el estatuto fue aprobado, el Sr. Henríquez Escobar no había cumplido el término de 10 años de inscripción que disponía la Ley Núm. 28-1997, *supra*. Por lo que,

al amparo de la Ley Núm. 266-2004, *supra*, debía quedar registrado hasta el año **2018**.

Mediante la aprobación de la Ley Núm. 243-2011, el legislador, aunque enmendó ciertos aspectos de la Ley Núm. 266-2004, *supra*, mantuvo el siguiente lenguaje: "[**q**]**uedar**[**ían**] **registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley** [**Núm**.] **28-1997**". (Énfasis suplido).  Es por esta razón que el peticionario alega que no le aplican las enmiendas introducidas por esta ley, ya que, cuando entró en vigor, éste ya no tenía la obligación de registrarse bajo la Ley Núm. 28-1997, *supra*.

Empero, nuestro Tribunal Supremo ya resolvió que **las enmiendas introducidas por la Ley Núm. 243-2011 aplican retroactivamente**. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 989 (2019). **Por consiguiente**, **como dichas enmiendas poseen aplicación retroactiva al 2004**, **en ese entonces**, **el Sr. Henríquez Escobar tenía la obligación de permanecer registrado según los parámetros de la Ley Núm. 28-1997**, *supra*. **Por ende**, **concluimos que**, **el hecho de que la sentencia se cumplió antes de la aprobación de las enmiendas introducidas por la Ley Núm. 243-2011**, **ello no implica que éstas no le aplican al peticionario**. **Precisamente porque**, **como dichas enmiendas son de aplicación retroactiva**, **el término que debemos considerar para determinar su aplicación no es el 2011**, **sino el 2004**. **Para esta fecha**, **el Sr. Henríquez Escobar no había cumplido su sentencia**, **y todavía poseía la obligación de permanecer inscrito en el Registro de Ofensores Sexuales**.

El peticionario alega poseer un derecho adquirido sobre la Ley Núm. 28-1997, *supra*.  Somos del criterio que, "aun cuando la ley disponga su efecto retroactivo o así surja de la intención legislativa, ésta no podrá afectar derechos adquiridos por las

partes en virtud de la legislación anterior". *Consejo Titulares v. Williams Hospitality*, 168 DPR 101, 108 (2006). **En este caso**, **no nos encontramos ante una situación consumada** (un contrato, por ejemplo) **para propósitos de un derecho adquirido en vigencia de la ley anterior**. Como ha expresado nuestro Máximo Foro:

> *En este sentido, **el derecho adquirido no puede ser el conjunto de facultades que la ley anterior permitía que los ciudadanos ejercitaran, ya que esto sería el estado de derecho objetivo que la nueva ley intenta cambiar**. El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. […] Íd.*, a la pág. 109. (Énfasis nuestro).

Por entender que el peticionario no poseía un derecho adquirido al amparo de la Ley Núm. 28-1997, *supra*, y que las leyes Núm. 266-2004, *supra*, y Núm. 243-2011, fueron aprobadas con el propósito de cambiar el estado de derecho objetivo, concluimos que la pretensión del Sr. Henríquez Escobar es perpetuar el estado de derecho objetivo de la ley anterior, que ya no vincula.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *Certiorari* y confirmamos la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones